Tammy Hussin, Esq. (Bar No. 155290)
Lemberg Law, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg Law, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Barbara Westmaas

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| Barbara Westmaas,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>The Swiss Colony, LLC; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *ET. SEQ;*<br><br>**2. VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788** *ET. SEQ.*<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Barbara Westmaas, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA") and violations of Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et, seq*. ("RFDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Barbara Westmaas (hereafter "Plaintiff"), is an adult individual residing in Rosamond, California, and is a "person" as defined by 47 U.S.C. § 153(10).

5. The Defendant, The Swiss Colony, LLC (hereafter "Swiss"), is a company with an address of 1112 Seventh Avenue, Monroe, Wisconsin 53566-1364, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual agents employed by Swiss and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.  Swiss at all times acted by and through one or more of the Agents.

## FACTS

8.  Within the last year, Swiss began calling Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice ("Automated Calls").

9.  The Automated Calls to Plaintiff were placed by Swiss in an attempt to collect a financial obligation owed by Plaintiff (the "Debt") to Swiss.

10.  Swiss used an automated voice when placing calls to Plaintiff indicating it was attempting to collect the Debt from Plaintiff.

11.  Plaintiff acknowledges the existence of the Debt, but is without adequate means with which to repay it, and the Automated Calls from Swiss were bothersome.

12.  On or around September 28, 2013, Plaintiff spoke to Swiss in an effort to stop the calls. Plaintiff advised the representative that she was experiencing financial difficulties and could not repay the Debt. Plaintiff promised to pay when her financial condition improved, and requested that Swiss stop the Automated Calls.

13.  Despite being instructed to stop calling, Swiss thereafter continued to place Automated Calls to Plaintiff.

# COUNT I
# VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et. seq.*

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. Without consent, Swiss called Plaintiff using an automated or prerecorded voice to her cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

15. Swiss continued to place automated calls to Plaintiff's cellular telephone after being advised that Plaintiff was unable to pay the Debt and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16. The telephone number called by Swiss was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. The calls from Swiss to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Swiss' telephone system has the capacity to store numbers in a random and sequential manner.

19. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et. seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

23. The Swiss Colony, LLC, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

24. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

25. Swiss continued to call Plaintiff despite knowing its continued calls would not result in the repayment of the Debt, and as such communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

26. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

5

27. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

28. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each TCPA violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each TCPA violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

D. Reasonable attorneys fees and costs pursuant to California Civil Code section 1788 *et. seq.;*

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: January 23, 2014     TAMMY HUSSIN

By: */s/ Tammy Hussin*
Tammy Hussin, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Barbara Westmaas

7